Moncure, P.,
delivered the opinion of the court.
The court is of opinion that the circuit court erred in overruling the motion of the plaintiff' in error to set aside the verdict and grant him a new trial, “ because the said verdict is contrary to law aud to the evidence produced before the jury at the trial of this cause,” as stated in the last bill of exceptions, marked “F,” in which are certified the facts proved at the trial of the cause.
It was proved as a fact in the cause, that at the time of the levy of the attachment referred to in said certifi *655 cate sued out by the defendant, the National Exchange Bank of Norfolk, against the estate of Lublin & Steiner for the amount of a debt of which the principal $11,665.47, claimed by the former to be due to it by the latter, the property so levied on, to-wit: “all the goods, wares and merchandise, consisting of boots, shoes, &c., at the stores No. 9 Market square and 11 Main street, Norfolk, Virginia, and also on the unexpired terms of the leases of said stores,” wras the property of the said plaintiff in error, Martin S. Eechheimer, as claimed by him, and not the property of the said Lublin & Steiner, as contended by the defendant in error, the National Exchange Bank of Norfolk, aforesaid. It also appears from the facts set forth in said certificate that the said attachment was levied on the said property at the instance and request of the said defendant in error. And although it appears that at the time of such levy the said property, except “ the unexpired terms of the leases of said stores,” was subject to a levy which had previously, on the same day, been made thereon by the same officer, under another attachment sued out in the same court by William T. Dixon & Brother against the estate of the said Lublin & Steiner, for a debt claimed by the former to be due to them by the latter, the principal of which is §913.30, with interest and costs; and that the said property on which the attachment in favor of William T. Dixon & Brother was levied as aforesaid, remained subject to both of the said attachments until the 25th day of July, 1866, when a verdict and judgment were rendered in favor of the plaintiff in error, the said Martin S. Eechheimer, on his petition of interpleader in the said attachment case of the National Exchange Bank of Norfolk against the said Lublin & Steiner, and continued subjéct to the said attachment in favor of the said William T. Dixon & Brother until two or three days after the day and year last aforesaid, when possession of *656 the said property was delivered by the sergeant to the plaintiff, Martin S. Fechheimer, by the direction of the counsel of the said Dixon .& Brother, upon the advice of the counsel of the National Exchange Bank of Norfolk aforesaid, to the counsel of the said Dixon & Brother, for the reason that the said Martin S. Fechheimer had established his title to the said property.
'Without deciding, therefore, what amount of damage the plaintiff is entitled to recover, for the seizure and detention of his said property, against the defendant under the said attachment of the latter—-that being a question of fact for the jury to decide, with the aid of the court in the solution of any question of law which may arise in the course of enquiry as to the said fact—it seems to be very clear thatthere oughtto have been a verdict andjodgment in the cause in favor of the said plaintiffinstead of the said. defendant, and that the circuit court therefore erred in overruling the motion of the plaintiff to set aside the verdict and grant him a new trial as aforesaid.
In regard to the unexpired term of the leases of said stores,which was conveyed with the other property aforesaid by said Lublin & Steiner to said Fechheimer, the same was not included in the levy of the said attachment in favor of the said Dixon & Brother, but was included in the levy of the said attachment in favor of the National Exchange Bank of Norfolk aforesaid. For damages arising from the unlawful seizure and detention of the said leasehold estates under the said attachment in favor of the National Exchange Bank of Norfolk, against the said Lublin & Steiner, an action of trespass vi et armis at common law was the proper remedy. And the Code, ch. 145, § 6, p. 995, provides that “in any case in which an action of trespass will lie, there may be maintained an action of trespass on the case.” The latter is the form of action in this case. It is perfectly clear, therefore, that in regard to the said leasehold estates, the *657 right of action exists; and that is enough to show that the circuit court erred in overruling the motion to set aside the verdict and grant a new trial as aforesaid.
But in regard to the other property on which the said attachment in favor of the National Exchange Bank of Norfolk was levied—being the same property on which the said attachment in favor of said Dixon-& Brother was levied as aforesaid—both of the said attachments were actually levied on the said property, and were certainly intended so to be by the plaintiffs therein respectively. Certainly the detention of the said property thereafter by the officer who made the said levies was with the consent and approbation and upon the responsibility of the plaintiffs respectively, at whose instance the said property was so detained. It is unnecessary, and would be premature now, to decide in what proportion the said plaintiffs would be so liable. That several attachments may successively be levied upon the same property, is perfectly clear and a fact of frequent occurrence. It would be strange if by levying an attachment for a small debt upon property worth ten times the amount of the debt, the property should be exempt from the levy of any other attachment until it should be discharged from the first attachment. The Code, ch. 148, § 26, p. 1016, expressly provides that “ the attachment first served on the same property, or on the person having the property in possession, shall have priority of lien.” Certainly the levy of the second attachment in this ease on the property in question was at the instance and with the consent of the attaching creditor and his counsel, and the said creditor is therefore liable for any damages which may be sustained by any person by reason of -a wrongful seizure or detention of such property. In this case the debt claimed by the first attaching creditor was small compared with that claimed *658 by the second attaching creditor. It is not improbable that if the first had been the only attachment in the case, there might have been a replevin of the property, which would have prevented any damage to the claimant by reason of the seizure and detention of the property; whereas the large amount of the aggregate of the claims of the two attaching creditors might have deterred or prevented the claimant from replevying it. But ive repeat that we do not mean to intimate in this opinion, in the slightest degree, what ought to be the measure and proportion of the damages to which the different attaching creditors would or ought to be held liable in such a ease. At common law the form of action against the second attaching creditor for the seizure and detention of the same property levied upon by the first attaching creditor would have been trespass on the case, the form pursued in this instance. But as by the statute now in force, that form may be pursued when the cause of action is trespass vi et arms, therefore one action of trespass on the case will cover a cause of action, though at common law, as to part of it, trespass on the case, and as to the other part, trespass vi et cirmis, would have been the proper remedy.
The court having thus disposed of the principal question in the ease, to-wit: whether the circuit court erred in overruling the defendant’s motion for a new trial because the verdict was contrary to the law and the evidence, which arises on the last bill of exceptions in the case, marked “F,” will now take notice of the other bills of exceptions, or such of them as may seem to require notice. And first, as to
Bill of exceptions marked “A”:
■ We do not think that the circuit court erred in refusing to give the instruction asked for by the plaintiff as mentioned in that bill of exceptions. That instruction assumes that the defendant is liable for the whole amount *659 of damage sustained by the plaintiff from the seizure and detention of his property therein mentioned, without regard to any liability therefor of the first attaching creditors. If the attaching creditors had been joint trespassers in seizing and detaining the attached effects, then such trespassers would have been jointly and severally liable for the whole amount of the damage resulting from such joint trespass. But their acts in so seizing and detaining said effects were several; and they are only liable severally for the damage resulting from their several act. The instruction, in the form in which it was asked for,-was calculated to mislead the jury, and ought to have been so modified as to inform the jury of the extent of the appellee’s liability as aforesaid. Second, as to
Bill of exceptions marked “ B
We think that the cirbuit court erred in refusing to give the instruction asked for by the plaintiff, and set out in this bill of exceptions; which is, that if the jury believe from the evidence that it proves what it tends to prove as stated in said bill, then the levies mentioned in the said first bill of exceptions, marked “ A,” and which were made upon the goods, wares and merchandise and leaseholds mentioned in the said first bill were wrongful, and that as to the said leaseholds the defendant in this action is liable to the plaintiff in this action for damages therefor, and also for the detention of the said leaseholds from the possession of the said plaintiff, and that the defendant’s said liability is for such damages as will compensate the plaintiff for the injury sustained by him as to the said leaseholds by reason of the said levies and the detention aforesaid of the said leaseholds from the possession of the said plaintiff. The attachment in favor of the National Exchange Bank of Norfolk, but not the attachment in favor of Wm. T. Dixon & Bro., having *660 been levied upon the said leaseholds, the former plaintiff is exclusively liable for the said damages. Third,- as to
Bill of exceptions marked “C”:
"We think the circuit court erred in overruling the objection of the jilaintiff to the introduction of “ W. II. C. Ellis, a witness, to testify that the sergeant of the city of .Norfolk held the goods, wares and merchandise and leaseholds mentioned in the said first bill of exceptions, marked ‘A,’ as aforesaid, under, or under color-of, the attachment mentioned in the record set out in the plaintiff’s said first bill of exceptions, of which the No. 2 therein mentioned is a copy, and not under, or under colo’’ of, the attachment mentioned in the record set out in the plaintiff’s said first bill of exceptions, of which the No. 1 therein mentioned is a copy.” We think that the said attachments and returns thereon show that-the said goods, &c., and leaseholds were not held by the said sergeant, as the testimony, of the said witness tends to show they were held, and cannot be contradicted by parol testimony. Fourth, as to
Bill of exceptions marked “ D
It is stated in that bill, that at the trial of the cause “ the plaintiff, to maintain the issue joined on his part, offered to introduce in evidence before the jury an authenticated copy of a record, which is the same mentioned in the plaintiff’s first hill of exceptions marked ‘A,’ and-is therein referred to as marked £No. 2,’ for the purpose of showing the existence of said record and how the case therein mentioned had been disposed of; but the defendant, by its counsel, objected to the introduction of the said copy of the said record in evidence before the jury, unless the same should be introduced for all the purposes for which it might be properly available to either party; and the court sustained the said objection of the defendant, and refused to allow the said copy of the said record to be *661 introduced in evidence, unless the same should he introduced hy both parties for all the purposes for which it might properly he available to either party; to which ruling of the court the plaintiff excepted,” &c.; “ and then the plaintiff introduced in evidence the said copy of the said record, reserving the benefit of and not waiving his said exception.” We think there is no error in the said ruling of the court. Fifth, and lastly, as to
Bill of exceptions marked “E”:
It is stated in that hill, that after the jury were sworn to try the issue joined in the case, and after all the evidence on both sides had been produced, which evidence tends to prove the facts certified in the plaintiff’s sixth bill of exceptions, marked “F,” the defendant moved the court to instruct the jury as follows :
“If the jury believe from the evidence that before the attachment of the National Exchange Bank against Lublin & Steiner was levied hy the sergeant, he had taken the property in his return mentioned out of the possession of Lublin & Steiner or Fechheimer, by virtue or under color of a prior attachment issued in the suit of Dixon & Bro., then pending, and that he kept the actual possession of said property and held the same by virtue or under color of the said attachment of Dixon & Bro. until and after the verdict of the jury and the judgment of the court in the case mentioned in the record of which the FTo. 1 mentioned in the plaintiff’s first bill of exceptions (‘A’) is a copy, and then delivered the said property to the said Fechheimer in consequence of the instructions of said Dixon & Bro., or their counsel, so to do, they ought to find for the defendant.”
The court gave the said instruction, to which the plaintiff excepted.
*662 "We think that the record shows that after the attach-ment of the National Exchange Bank against Lublin & Steiner was levied by the sergeant, which was on the same day, though after the attachment of said Dixon & was ievieci; fie kept the actual possession of said property, and held the same by virtue or under color of both of the said attachments until and after the verdict 0f the jury and the judgment of the court on the said verdict in favor of the said Eechheimer, on his inter-pleader, in the attachment of the National Exchange Bank of Norfolk aforesaid, and then delivered the said property to the said Eechheimer, in consequence both of the said verdict and judgment in favor of the said Eechheimer, and of the instructions of said Dixon & Bro., or their counsel so to do. The said instruction was therefore not warranted by the facts of the case as certified by the court, which erred in giving the said instruction to the jury. The court is therefore of the opinion that the judgment of the said circuit court, to which a writ of error and supersedeas were awarded by this court in this case is erroneous for the reasons and on the grounds aforesaid, and ought to be reversed and annulled, the said verdict set aside, and the cause remanded to the said circuit court for a new trial to be had therein in conformity with the foregoing opinion.
The judgment was as follows :
The court is of opinion, for reasons stated in a written opinion of the court, filed with the record, that the said judgmentofthesaidcorporationcourtiserroneous. Therefore it is considered and adjudged that the said judgment be reversed and annulled, and that the plaintiff recover against the defendant his costs by him expended in the prosecution of his writ of error and supersedeas aforesaid *663 here. And it is further considered and adjudged that the verdict rendered hy the jury in the said case be set aside, and the cause remanded to the said corporation court for a new trial to be had therein in conformity with the said opinion filed as aforesaid; which is ordered to be certified to the said corporation court of the city of Norfolk.
Judgment reversed.